# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| FRANK HINE,<br><br>        Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A., et al.,<br><br>        Defendants. | 2:11-CV-1537 JCM (PAL) |

## ORDER

Presently before the court is defendants Bank of America, N.A., et. al.'s motion to dismiss. (Doc. #6). Plaintiff Frank Hine filed a *pro se* opposition. (Doc. #12). Defendants then filed a reply. (Doc. #13).

The property at issue in this case is located at 2257 Brindlewood Drive, Las Vegas, Nevada. (Doc. #1). Plaintiff financed this purchase with a $328,000 first loan and a $82,000 second loan. (Doc. #6, Exs. B and C). On June 12, 2007, plaintiff refinanced by borrowing $417,000; this loan was secured by a deed of trust on the property. (Doc. #6, Ex. D). Plaintiff then defaulted on the loan, and a notice of trustee's sale was recorded on May 2, 2011. (Doc. #6, Ex. K).

Defendants move to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. #6). The complaint alleges eight causes of action: (1) failure to comply with Real Estate Settlement Procedures Act ("RESPA") rules, (2) fraud and intentional deceit, (3) general breach of contract and breach of the implied covenant of good faith and fair dealing, (4) wrongful foreclosure, (5) failure to comply with Fair

**James C. Mahan**
**U.S. District Judge**

Debt Collection Practices Act ("FDCPA") rules, (6) notary fraud, (7) fraudulent assignment, and (8) violation of NRS 107.086. (Doc. #1).

**Legal Standard**

A complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The statement of the claim is intended to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Pursuant to Federal Rule of Civil Procedure 12(b)(6), courts may dismiss causes of action that "fail[] to state a claim upon which relief can be granted."

The court must "accept all factual allegations in the complaint as true." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Further, the court must draw all reasonable inferences in plaintiff's favor. *Twombly*, 550 U.S. at 547. However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted). Although "not akin to a 'probability requirement,'" the plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.*

**I.    Failure to comply with RESPA rules**

Plaintiff's first claim asserts that defendants failed to comply with RESPA rules. (Doc. #1). This count does not identify the specific section or subsection defendants allegedly violated. Generally, three sections of RESPA create a private right of action: §§ 2605, 2607, and 2608. *See, e.g., Padilla v. One West Bank*, 2010 WL 5300900, at *5 (N.D. Cal. 2010). Nevertheless, it is unnecessary for the court to determine which of these three sections is applicable to plaintiff's RESPA claim because the claim would be time-barred under each of these three sections.

Pursuant to 12 U.S.C. § 2614, a party may bring an action within three years of a violation of § 2605 and within one year of a violation of §§ 2607 or 2608. The limitation period runs "from

James C. Mahan
U.S. District Judge

- 2 -

1   the date of the occurrence of the violation." 12 U.S.C. § 2614.

2   Here, the alleged violations occurred at the latest in June 2007, when plaintiff refinanced his loan and executed a deed of trust. Plaintiff did not bring the instant lawsuit until September 2011, more than four years after the alleged violations. (Doc. #1). Accordingly, plaintiff's RESPA claim is time-barred. *See* 12 U.S.C. § 2614; *Orzoff v. Mortgage Electronic Registrations System, Inc.*, 2009 WL 4643229, at *4-5 (D. Nev. 2009).

## II. Fraud and intentional deceit

Plaintiff's second claim asserts that "defendant BAC committed fraud in the negotiating of a modification of his loan." (Doc. #1). Defendants move to dismiss this claim, arguing that the pleading fails to meet the heightened pleading standard for fraud pursuant to Federal Rule of Civil Procedure 9(b). (Doc. #6).

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). If a complaint asserting a fraud claim fails to meet the heightened pleading requirements of Rule 9(b), a district court may dismiss the claim. *Id.* at 1107.

Plaintiff's complaint fails to allege the "who, what, when, where, and how" of the misconduct charged. *Id.* at 1106. Accordingly, dismissal of plaintiff's fraud claim is appropriate.

## III. General breach of contract and breach of the implied covenant of good faith and fair dealing

In Nevada, an implied covenant of good faith and fair dealing exists in every contract, *Consol Generator-Nevada v. Cummins Engine*, 917 P.2d 1251, 1256 (Nev. 1998), and a plaintiff may assert a claim for breach of the covenant if the defendant deliberately contravenes the intention and spirit of the agreement, *Morris v. Bank Am. Nev.*, 886 P.2d 454 (Nev. 1994).

Plaintiff does not allege any facts indicating that defendants were "unfaithful to the purpose of the contract." *See Hilton Hotels Corp. v. Butch Lewis Productions, Inc.*, 808 P.2d 919, 923 (Nev.

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  1991). Plaintiff only asserts that defendants "engaged in predatory lending" and did "not have the
2  authority to initiate the foreclosure process." (Doc. #1). These allegations provide no more than
3  "labels and conclusions" and are, therefore, insufficient to state a claim upon which relief can be
4  granted. *Twombly*, 550 U.S. at 555.

5  **IV.    Wrongful foreclosure**

6  "An action for the tort of wrongful foreclosure will lie if the trustor or mortgagor can
7  establish that at the time . . . the foreclosure occurred, no breach of condition or failure of
8  performance existed . . . ." *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev.
9  1983). Thus, the material inquiry in a wrongful foreclosure action "is whether the trustor was in
10 default when the power of sale was exercised." *Id.*

11 Plaintiff has not established that he is not in default. The complaint never states that plaintiff
12 is current on his loan. Indeed, plaintiff's complaint specifically asserts that plaintiff "stopped making
13 monthly payments . . . ." (Doc. #1). Plaintiff, at a minimum, must "establish that . . . no breach of
14 condition or failure of performance existed." *Collins*, 662 P.2d at 623. Plaintiff has failed to plead
15 a valid wrongful foreclosure claim.

16 An independent ground for dismissal of this claim is that plaintiff has not attached any
17 documents to his complaint or asserted at any point in this case that the property was actually sold
18 at a trustee's sale. (*See* Doc. #1). Accordingly, plaintiff has not shown that a claim for wrongful
19 foreclosure is ripe. *See Collins*, 662 P.2d at 623.

20 **V.     Failure to comply with FDCPA rules**

21 Plaintiff's next claim asserts that defendants are in direct violation of the Fair Debt Collection
22 Practices Act because they filed a notice of default without authorization. (Doc. #1).

23 "It is well established that non judicial foreclosures are not an attempt to collect a debt under
24 the Fair Debt Collection Practice Act . . . ." *Erickson v. PNC Mortgage*, 2011 WL 1626582, at *2
25 (D. Nev. 2011); *see also Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985); *Chirila v.*
26 *Bank of America, N.A.*, 2011 WL 4904434, at *2 (D. Nev. 2011). Thus, plaintiff has not pled a valid
27 claim under the FDCPA.

28

**James C. Mahan**
**U.S. District Judge**

- 4 -

1 **VI.    Notary fraud**

2     Plaintiff's notary fraud claim asserts that the document appointing a new trustee to the deed of trust was signed on May 17, 2010, but it was notarized on May 19, 2010. Thus, plaintiff argues that defendants "clearly committ[ed] notary fraud." (Doc. #1).

    In Nevada, the elements of fraud are: (1) a false representation made by the defendant, (2) defendant's knowledge or belief that the representation is false, (3) defendant's intention to induce the plaintiff to act or to refrain from acting in reliance upon the misrepresentation, (4) justifiable reliance upon the misrepresentation, and (5) damage to the plaintiff resulting from such reliance. *Bulbman, Inc. v. Nevada Bell*, 825 P.2d 588, 592 (Nev. 1992). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess*, 317 F.3d at 1106.

    Here, the complaint does not allege: (1) how the discrepancies in the document dates present a false representation; (2) how plaintiff justifiably relied on this alleged misrepresentation; and (3) how plaintiff was damaged by this alleged misrepresentation. (*See* Doc. #1). Accordingly, the pleadings do not present a claim upon which relief can be granted.

**VII.    Fraudulent assignment**

    The premise of plaintiff's fraudulent assignment claim is that MERS did not have the authority to assign the deed of trust. (Doc. #1). Thus, plaintiff relies on the split the note theory rejected by the Ninth Circuit in *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1044 (9th Cir. 2011). Accordingly, this is not a claim upon which relief can be granted.

**VIII.    Violation of NRS 107.086**

    The last claim in the complaint asserts that defendants failed to provide documents required by NRS 107.086 to proceed with the non judicial foreclosure. (Doc. #1). The parties in this case held a foreclosure mediation conference on January 14, 2011. (Doc. #6, Ex. J). The parties were unable to reach an agreement. Thus, the mediator issued a foreclosure mediation certificate stating that the "[b]eneficiary may proceed with the foreclosure process." (Doc. #6, Ex. J).

To obtain a foreclosure mediation certificate, defendants were required to present all of the necessary documents at the mediation. *See Holt v. Regional Trustee Services Corp.*, 2011 WL 6268239, at *4 (Nev. 2011). If plaintiff wished to contest the validity of the foreclosure mediation certificate, he was required to file a petition for judicial review within 30 days of receiving the mediator's statement. *Id.*; *see also Lalwani v. Wells Fargo Bank, N.A.*, 2011 WL 4574338, at *4 (D. Nev. 2011) (stating that a plaintiff "must exhaust [Nevada's foreclosure mediation] remedies before seeking alternative relief"); Nevada's Foreclosure Mediation Rule 21(2). With this procedural history, it is not proper to assert these claims in this separate civil action.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants Bank of America, N.A., et. al.'s motion to dismiss (doc. #6) be, and the same hereby is, GRANTED.

DATED January 30, 2012.

**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 6 -